ROBERTS v. HOLDEN, State Auditor, et al.

No. 4251.   Decided December 3, 1925.   (241 P. 1051.)

1. COURTS—DISTRICT COURT JUDGE MAY CONTRACT WITH ASSISTANT COURT REPORTER FOR PAYMENT OF TRAVELING EXPENSES OUTSIDE OF JURISDICTION. Under Comp. Laws 1917, §§ 1875-1877, as amended by Laws 1919, c. 36, the district judge may contract for an assistant court reporter, and provide for payment of his expenses necessarily incurred in traveling to and from court, notwithstanding his residence is outside of jurisdiction of court.

2. COURTS—NECESSARY TRAVELING EXPENSES OF ASSISTANT COURT REPORTER IN HIS HOME COUNTY, OUTSIDE OF COURT'S JURISDICTION, HELD PROPER ALLOWANCE UNDER CONTRACT. Contract, providing for payment of traveling expenses of assistant court reporter, residing outside of court's jurisdiction, authorized by Comp. Laws 1917, §§ 1875-1877, as amended by Laws 1919, c. 36, which provided for payment of traveling expenses incurred outside of county of residence, held to require payment of necessary traveling expenses within county of residence; meaning of statute being clear, although grammatically ambiguous. STRAUP, J., dissenting.

Corpus Juris-Cyc. References.

[1]   Contracts, 13 C. J. p. 560 n. 37:   Courts, 15 C. J. p. 871 n. 77:   Statutes, 36 Cyc. p. 1110 n. 54; p. 1111 n. 68.

[2]   Courts, 15 C. J. p. 871 n. 77 New:   Statutes, 36 Cyc. p. 1112 n. 76; p. 1131 n. 73.

Mandamus

Application by D. H. Roberts for writ of mandate, to be directed to John A. Holden, Auditor of the State of Utah, and another.

WRIT ISSUED.

*Harvey H. Cluff*, Atty. Gen., for defendants.

*Herbert B. Maw*, of Salt Lake City, for plaintiff.

CHERRY, J.

This is an original proceeding in this court for a writ of mandate requiring defendants to draw a warrant upon the state treasurer in favor of the plaintiff, in payment of certain claims for traveling expenses incurred by plaintiff while acting as assistant court reporter of the Sixth judicial district.

The facts upon which the matter is submitted are that the judge of the Sixth judicial district, pursuant to the statute to be hereinafter referred to, entered into a written contract with the plaintiff, who then resided in Salt Lake City, by which the plaintiff was employed as assistant court reporter for the Sixth district. The contract specified the duties and compensation of the plaintiff, and with respect to his traveling expenses recited that the plaintiff resided at Salt Lake City, Utah, and stipulated that his ''traveling expenses between Salt Lake City and the court room of the Sixth judicial district at Richfield were to be paid by the state auditor.'' Salt Lake City is not in the Sixth judicial district, but is some 169 miles distant. The plaintiff, after rendering services and incurring expenses under the contract, in due time presented to the defendants his duly itemized and verified claims for traveling expenses, amounting to the total sum of $137.60, for expenses actually and necessarily incurred in traveling on numerous trips from Salt Lake City to Richfield and return in the performance of his official duties as assistant court reporter in the Sixth district. The district judge certified that the claims were true and correct, and the amounts justly due from the state. Deeming the

claims to be improper state charges, the defendants declined and refused to issue warrants upon the state treasurer for the payment thereof, and this proceeding was thereupon instituted.

The claim of plaintiff is not for expenses incurred while traveling in the Sixth judicial district, but wholly for expenses incurred in traveling from Salt Lake City, where he resided, to Richfield, where he was to serve, and return. That the contract provides for the payment of the traveling expenses claimed is plain and is not denied. The question to be decided is whether authority for the contract is contained within the statute. Comp. Laws Utah 1917, §§ 1875, 1876, 1877, as amended by chapter 36, Laws of Utah 1919. The statute (section 1875), expressly provides that:

"The judge of a district court may employ and contract with a shorthand reporter to report the proceedings of such court, in the manner and under the limitations hereinafter provided."

The statute thus marks the limitations beyond which the contract may not go. The question is thus narrowed to the interpretation of the statute. If, as contended by plaintiff, the statute authorizes the district judge to contract for the payment of the traveling expenses in dispute, it was the plain duty of defendants to approve and pay the plaintiff's claims. On the other hand, if the statute does not authorize the district judge to contract for the payment of the expenses of traveling from a point outside the district where the reporter resides to and from the district where he is employed, the contract is invalid in that respect, and the plaintiff's claims should not be paid.

The particular words of the statute the meaning and interpretation of which are in dispute are found in section 1876, supra. The section contains much matter not pertinent to the question under consideration, and its quotation in full is unnecessary. A condensed statement of its contents, with a full quotation of pertinent parts, is sufficient. The section provides that the judge of the district court may make a written contract with "a competent person qualified to report stenographically the proceedings of the court." It prescribes what the contract shall provide concerning the duties,

annual salary (which must be $2,400), fees for transcribing notes, and tenure of employment of the reporter, and that the contract "shall also provide that said reporter shall be paid his traveling expenses actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides, and such expenses shall be certified by the court to the state auditor, who shall draw his warrant upon the state treasurer for the amount so certified, and the same shall be paid out of the state treasury." The section further provides that the contract may contain such other stipulations and conditions as may be agreed upon by the parties. Section 1877, supra, provides for the appointment of an assistant reporter in certain specified cases, whose duties and compensation shall be the same as prescribed for the regular reporter, provided that his compensation shall only be paid for the time he is actually engaged in such work.

The only qualification prescribed respecting the reporter authorized to be employed is that he be "a competent person qualified to report stenographically the proceedings of the court." There is no hint of any requirement that he must reside in the judical district where he is to serve. The well known fact that in many of the judicial districts of the state there are not always available competent reporters residing in the district is a valid reason why the Legislature purposely omitted to limit the employment of reporters to persons residing in the district. If it follows, as I think it must, that the statute plainly authorizes the employment of a reporter residing outside as well as within the district, the interpretation of that portion of the statute relating to the payment of traveling expenses is made less difficult. With relation to the expenses of the reporter, the statute enacts that the contract shall "provide that said reporter shall be paid his traveling expenses actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides." This is the only provision upon the subject, and necessarily must be a part of every contract whether made with a resident or nonresident of the district. There is nothing in the statute to indicate that the Legislature in-

tended a discrimination between residents and nonresidents in the payment of their traveling expenses. In this respect the statute is not only plain but is fair and reasonable. In the practical administration of the statute the Legislature very probably assumed that the district judges would in most cases employ reporters residing in their respective districts. Such has been and is the general practice. Considerations and influences, independent of law, will generally induce district judges to prefer residents of the district for this employment, if competent persons are available. And ordinarily it is to be assumed that district judges, even when employing regular reporters who reside out of the district, will, for their own convenience as well as for public economy, stipulate in the contract that the reporter shall reside in the district during the term of his employment. This could not be expected, however, in cases where it becomes necessary to employ assistants on short notice, and for limited periods of service. But where no competent reporter can be had who does or will reside in the district (a situation which has occurred and must again occur in some of the districts), must the sessions of the court be suspended for lack of a reporter until one can be trained at home or persuaded to come at his own cost from elsewhere? This inquiry suggests the important public interest involved in this controversy.

The statute is a general provision conferring power upon the district judges to organize their courts so they may operate and perform their functions. This is the principal object sought to be accomplished, and the statute ought to be given a construction which will promote and not defeat this purpose. The words of the statute, when given their ordinary meaning and significance, clearly include the authority exerted by the district judge in making the contract in question, and such authority is necessary to accomplish the purpose of the statute.

It is no objection to this interpretation that possible abuses may arise, such as reporters removing from their districts to enhance their traveling expenses, or district judges unnecessarily employing reporters at long distances and remote

places from their districts, thereby subjecting the state to increased and unnecessary charges. In most cases the power conferred by law upon public officers is capable of abuse. This is unavoidable. It is impossible to construct a statutory straight-jacket for every public agent. In order to provide for emergencies or unusual situations it is common for general laws to confer larger powers upon public officers than is expected to be ordinarily exercised. This is such a statute, and the power is conferred, as many other powers are and must be conferred, in the confidence that it will not be abused. It may be safely assumed that the district judges will exercise the authority of the statute in the public interest, and that no unnecessary traveling expenses will be authorized under their contracts with reporters.

Taking into consideration the subject-matter of the statute, the language employed, the known conditions under which it must be applied, the necessary consequences of its application, the purposes sought to be accomplished, the better reasons favor the conclusion that the statute was intended to authorize the contract entered into between the district judge and the plaintiff.

A further question remains to be considered: The plaintiff's claim is for expenses incurred in traveling from Salt Lake City to Richfield and return. A portion of the distance traveled is necessarily in Salt Lake county, the county where the plaintiff resided. It is contended that in no event is the plaintiff entitled to any expenses incurred in the county wherein he resided, and that his claim is excessive to the extent of his expenses incurred in Salt Lake county. This contention cannot be sustained. Although the words of the statute, "shall be paid his traveling expenses actually and necessarily incurred in the performance of his part of the contract outside of the county in which he reides," may be somewhat ambiguous from a grammatical standpoint, when the context and the reasonable intent and purpose of the statute is considered, it seems a necessary conclusion that it was meant that the reporter shall be paid his

traveling expenses actually and necessarily incurred in order to enable him to perform his duty outside of the county, even though a portion of the expenses may be incurred in the county in which he resides.

It is ordered that the writ issue as prayed for.

GIDEON, C. J., and THURMAN, J., concur.

FRICK, J. (concurring). I was strongly of the impression that the provision of the statute (section 1876) that the reporter ''shall be paid his traveling expenses actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides   *   *   *''   was intended as an express limitation upon the power of the judge to agree to pay, and upon the reporter to receive payment for, traveling expenses incurred while traveling in the county of his residence. To my mind the language of the statute, literally applied, is to that effect. The majority of the court is, however, as strongly and perhaps more strongly of the opinion that the statute is subject to the construction given it by Mr. Justice CHERRY in his opinion. I concede that there are some urgent reasons why that construction may be the proper one. In view of that, I cheerfully yield to the judgment of the majority, and therefore concur in the granting of the writ.

STRAUP, J. I dissent. As is seen, the judge under the statute (section 1875) was authorized to employ and to contract with a reporter only ''in the manner and under the limitations'' as prescribed by the statute. The statute itself provides what compensation was to be paid the reporter and what fees he could charge for furnishing a transcript of his notes. The judge could not lawfully contract to pay more. The statute also provides, rather ambiguously, for the payment of expenses incurred by the reporter. As stated by the statute, they are those ''actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides.'' The judge may not lawfully contract to pay any other or additional expenses. Hence the question is: Is it sufficiently made to appear that the claimed

expenses were incurred in the performance of plaintiff's part
of the contract outside of the county in which he resided? In
a sense it may be said that all that the plaintiff did in the
premises was outside the county in which he resided, and that
not anything by virtue of his contract was contemplated to
be done or performed within the county in which he resided.
He was employed to do work in the Sixth judicial district, to
there attend the "sittings of the court," and stenographically
report the court proceedings held and presided over by the
judge of the district, to perform which was plaintiff's part
of the contract. The contract so provided. We take judicial
notice that each judicial district of the state is comprised of
at lease three counties, and that the Sixth judicial district (as
well as some other districts) is comprised of five counties, of
which Sevier county is one, and that Richfield is the county
seat of that county, and that the judge of each district is re-
quired to hold terms of court at the county seat of each coun-
ty in the district. Although not expressly stated in the stat-
ute, still I think it inferable that the Legislature assumed
that when the judge of a district employed and contracted
with a reporter that he would contract with one residing in
the district, and that the reporter in attendance upon the
court and stenographically reporting court proceedings held
in the county in which the reporter resided was not entitled
to any traveling or other expenses; but, when attending upon
the court and stenographically reporting court proceedings
held in other counties in the district presided over by the
judge of the district, the reporter was entitled to his travel-
ing expenses actually and necessarily incurred in so attend-
ing upon the court and reporting such proceedings outside of
the county in which the reporter resided. It is difficult to
believe the Legislature intended anything more than that.
Holding to the mere literal language of the statute, it might
seem immaterial whether the reporter resided in the district
or not, and that a reporter residing in Logan in the northern
part of the state could be employed and contracted with to
stenographically report court proceedings held in St. George
in the southern part of the state, and be paid expenses for

traveling back and forth from one place to the other, as here, 16 or 17 trips within a period of 6 or 7 months. In ascertaining legislative intent, words and phrases of a statute are not always given their literal meaning, and often the letter of the statute must yield to its spirit. Such is a familiar rule of construction. 25 R. C. L. 967. I do not say it is not competent for the judge to employ and contract with a reporter residing out of the district. I think he may. But when he does the reporter must defray his own expenses in going to and from the district where his services are to be rendered and performed, as here, within the district. Plaintiff's presented claim is not for any expenses incurred within the district, but is for railroad fares and meals in making 16 or 17 trips between August 4, 1922, and March 27, 1923, from Salt Lake City to Richfield, and from Richfield to Salt Lake City, a distance of about 169 miles. The claim states the day and month of each trip and the amount paid on each for meals and railroad fare, aggregating $137.60. Such expenses in so going from his residence to the district, to there enter upon the discharge of his duties, and in returning to his residence from the district and traveling back and forth are not, as I think, expenses incurred "in the performance of his part of the contract" or of official duties. True, it was so averred, but the averment is a mere conclusion unsupported by any averred facts, and destroyed, as I think, by those which are averred. The case goes off on a demurrer to the petition. A demurrer admits only facts, well and properly pleaded, and not unwarranted conclusions from what is pleaded. Just how the plaintiff, employed to stenographically report court proceedings to be held in the Sixth judicial district, was, while traveling from Salt Lake City to Richfield and from Richfield to Salt Lake City, and back and forth from the one place to the other, in the discharge of official duties, or in the performance of his part of the contract, is difficult to understand and not at all satisfactorily made to appear. As well say that the plaintiff, who as appears by his petition now resides in Los Angeles, if employed by the judge to stenographically report court proceedings in the district,

Mandamus

in traveling from Los Angeles to the district and from the district to Los Angeles and back and forth during the term of his employment, would be engaged in the performance of his part of the contract or in the discharge of his official duties. If the judge in the one instance may contract to pay such traveling expenses, I do not see why he may not do so in the other. Under the statute, the assistant or deputy reporter can be paid compensation only for the time actually engaged in the work contracted by him to do, and I think under the statute he can be paid only for traveling or other expenses incurred in connection with and in the performance of such work, and that the traveling expenses here claimed had no such connection or relation.

Further, no statement is contained in the presented claim or any averment made in the petition tending to show the necessity of or occasion for the rather numerous trips from Salt Lake City to Richfield and from Richfield to Salt Lake City, and for aught that appears they were merely for plaintiff's convenience. In argument it was intimated that they might have been occasioned because of a want of steady or continued employment in the district, or ,that an assistant reporter was not to be had in the district, and that one outside of the district could not be obtained without contracting to pay him his traveling expenses back and forth from his residence to the district and from the district to his residence. That, however, is mere argument. Inferences and deductions necessarily implied from properly pleaded facts may and often do aid a pleading. But mere argument or supposed conditions or circumstances not implied by the pleaded facts do not help it, and ordinarily a pleading is construed most strongly against the pleader. Whenever hypotheses which are not necessarily implied from the pleaded facts must be indulged to support a pleading, its frailty at once becomes apparent. Had matters or circumstances of such nature been averred, how would they help the situation? That is, had it been averred that there was not steady or continued work in the district for the plaintiff, which occasioned the divers and numerous trips, the averment more clearly than now would show that the traveling back and

forth was not in the performance of plaintiff's part of the contract or in the discharge of his official duties. Had it been averred that there was no competent assistant reporter to be had in the district, and to obtain one the judge was required to employ a reporter residing in Salt Lake City, and because of the salary fixed by the statute, in violation of which the judge could not contract, or because of intermittences of the work the regular compensation did not financially justify the reporter entering upon the employment without an agreement to pay his traveling expenses from his residence to the district and from the district to his residence and back and forth, and for such or other reasons to obtain a reporter the judge was required to stipulate to pay his traveling expenses to and from the district, such averment again would but show that such traveling was no part of the performance of the contract on the part of the plaintiff, and a stipulation to pay such traveling expenses to be mere inducement to enter into the contract or an agreement indirectly to pay compensation or expenses in addition to that provided by the statute; to pay him not only his expenses incurred in the performance of his work and where he had contracted to perform it, in the district, and where it wholly was performed, but also those incurred by him in traveling 169 miles outside the district, not in attendance upon the court or judge, but in going back and forth 16 times in about 6 months to and from his work. I do not believe either the letter or the spirit of the statute permits the judge to enter into that kind of a contract. I therefore am of the opinion the writ should be denied.